**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SEAN RENEAU, § | |
| INDIVIDUALLY AND ON BEHALF § | |
| OF ALL OTHERS SIMILARLY § | CIVIL ACTION NO. _____ |
| SITUATED, § | JURY DEMANDED |
| § | |
| VS. § | |
| § | |
| SPUR 248 STEAK, LLC DBA § | |
| STEAK N SHAKE AND § | |
| RANDALL B. HANSON § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. Pursuant to 29 U.S.C. § 207 ("FLSA"), the named Plaintiff alleges violation of his statutory employment right to receive overtime pay from Defendants, Spur 248 Steak, LLC dba Steak N Shake ("Steak N Shake") and Randall B. Hanson ("Hanson") as a result of Defendants' failure to pay Plaintiffs and all those similarly situated employees overtime wages. Pursuant to 29 U.S.C. § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For himself and all those similarly situated, the named employee seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

### PARTIES

2. Plaintiff, Sean Reneau is a resident of Tyler, Texas. The Consent to join this action is attached as Exhibit A. Plaintiff brings this action individually on his own behalf and, pursuant to

§216(b) of the Fair Labor Standards Act, as representative of individuals who are similarly situated and who have suffered the same or similar damages.

3. The Plaintiff and "Potential Plaintiffs" are Defendants' current and former employees who operated or assisted in the operation of Defendants' Steak N Shake stores in Tyler, Texas in a non-managerial position and who were paid a salary for their work.

4. Defendant, Spur 248 Steak, LLC dba Steak N Shake ("Steak N Shake") is a Texas limited liability company doing business in the state of Texas with its principal place of business at 3915 University Blvd., Tyler, Texas 75701. Defendant may be served by delivering a copy of this Complaint to its registered agent for service: Trung Nguyen, 1443 Vanderbilt Dr., Tyler, TX 75703. Defendant, Randall B. Hanson is an individual living who may be served by delivering a copy of this Complaint to him at 5621 S. Broadway #314, Tyler, Texas 75703.

## JURISDICTION AND VENUE

5. This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, and 1391. The Defendants maintain an office located within the Eastern District of Texas in Tyler, Texas, and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, *et seq*.

## COVERAGE

6. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the putative Class Members.

7. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11. Within the three years prior to this case being filed, Plaintiff was employed as an assistant manager for Defendants. The work performed by Plaintiff for Steak N Shake as an assistant manager was not exempt as defined under the FLSA. Defendants pay their assistant managers on a salary basis and pay no overtime wages to these employees. Additionally, Plaintiff was paid a salary less than $455 per week. As a result, he did not meet the salary threshold to qualify for exempt status. Plaintiff alleges upon information and belief that all assistant managers were paid a similar salary. Therefore, Defendants' assistant managers did not qualify for any applicable overtime exemptions and are therefore owed overtime wages for all hours worked in excess of forty (40) hours in each workweek.

12. Defendants operate in multiple locations. At these locations, Defendants employ other assistant managers who either operate or assist in the operation of Defendants' business for

Defendants' customers. These individuals do not receive overtime pay for hours they work in excess of 40 per week.

13. All Plaintiffs regularly worked between 60 and 80 hours per work week and did not receive overtime pay.

14. Finally, Defendants failed to maintain records of Plaintiff and the Potential Plaintiffs' hours worked in violation of 29 CFR Part 516.

15. Defendants operate out of restaurants located in Tyler, Texas. Plaintiff alleges that the unlawful pay practices committed by Defendants were consistent across all locations operated by Defendants.

16. Defendants are a company that is engaged in interstate commerce. Its annual gross dollar volume of sales is in excess of $500,000 per year.

17. Plaintiff believes and, therefore, alleges that the failure of Steak N Shake to pay overtime pay to Plaintiff and the Potential Plaintiffs was intentional.

## CLAIMS

18. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA and its accompanying regulations. Plaintiff further alleges that the failure to pay Plaintiff and all those similarly situated one and one-half their properly calculated regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

19. Additionally, Defendants have violated the FLSA regulations (29 CFR pt 516) regarding recordkeeping of the hours worked by Plaintiffs.

## COLLECTIVE ACTION

20. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Sean Reneau brings this action in his individual capacity as an assistant manager and as a collective action. Plaintiff seeks this court's appointment and/or designation as representatives of the Potential Plaintiffs.

21. On information and belief, there are numerous individuals who work as assistant managers in the operation of Defendants' restaurants who were not paid for all overtime hours worked for Defendants as described herein. The questions of law and fact are common to Plaintiff and the Potential Plaintiffs. The failure to pay these individuals for the overtime hours worked was common to Plaintiff and the Potential Plaintiffs.

22. The named Plaintiff specifically requests that he be permitted to serve as a representative plaintiff for the Potential Plaintiffs, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

**23.** Plaintiff, individually and as representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the case be certified as a collective action and that the Plaintiff and the Potential Plaintiffs recover from Defendants the following:

1. The unpaid wages and overtime due to them;
2. Liquidated damages due to them as authorized by the applicable statutes;
3. Court costs;
4. Attorneys' fees; and
5. Such other and further relief as the Court deems just.

Respectfully submitted,

__/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF