IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SEAN RENEAU, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SPUR 248 STEAK, LLC D/B/A STEAK N SHAKE and RANDALL B. HANSON,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 6:16-CV-1126<br>§  RWS-JDL<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 28) recommending denial of Plaintiff Sean Reneau's Motion for Notice to Potential Plaintiffs pursuant to 29 U.S.C. § 216(b) (Docket No. 24) has been presented for consideration. Plaintiff filed objections seeking reconsideration of the Order. Docket No. 33.

Plaintiff asserts that the Magistrate Judge's findings need only be reviewed for clear error and cites opinions finding that a motion to provide notice to potential FLSA plaintiffs is not the same as a motion to maintain a class under Rule 23, which would require *de novo* review. Docket No. 33 at 2 (*citing Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 265–66 (E.D.N.Y. 2005); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 265–66 (D. Minn. 1991)). Without deciding the issue, the Court finds that Plaintiff has effectively waived *de novo* review of the Magistrate Judge's opinion pursuant to 28 U.S.C. § 636 (B)–(C) by setting forth the clearly erroneous standard

and applying this standard in his objection analysis.[1] *See id.* at 7 (asserting that the Magistrate Judge's findings were clearly erroneous). Thus, the undersigned proceeds to review the Magistrate Judge's decision for clear error.[2]

First, Plaintiff objects that the Magistrate Judge committed clear error by solely focusing on Plaintiff's shortcomings in meeting the "duties test," and not the "salary test." Docket No. 33 at 6–7. Plaintiff presents no case law for his assertion that proving potential plaintiffs are similarly situated in terms of payment provisions is sufficient to meet the showing for conditional class certification. Indeed, Plaintiff's cited cases state that in order for Plaintiff to show that conditional class certification is warranted, he must make a factual showing demonstrating that potential plaintiffs are similarly situated in terms of both job requirements ***and*** payment provisions. *Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16–CV–094–RP, 2016 WL 4533271, at *2 (W.D. Tex. Aug. 29, 2016). In other words, Plaintiff's failure to meet either one of these requirements defeats his motion for class certification. The Magistrate Judge's decision to focus his analysis on Plaintiff's failure to provide a factual showing that potential plaintiffs are similarly situated with respect to job requirements was not clear error.

Plaintiff's objection with respect to the issue of Plaintiff's job title relies on Plaintiff's incorrect assertion that a showing of similar salaries alone is sufficient for conditional class certification. *See* Docket No. 33 at 7. Thus, this objection is also overruled.

Plaintiff also objects that "the Magistrate Judge's criticism of Plaintiff's one declaration is clearly erroneous." Docket. No. 33 at 8. Plaintiff argues that at this stage, he is not required to

---

[1] Plaintiff, after setting forth the clear error standard of review, then confusingly states that the *de novo* standard of review applies. Docket No. 33, at 2. However, given that Plaintiff's analysis itself proceeds with the clear error standard, the Court finds that Plaintiff has waived its right, if any, to *de novo* review.

[2] Although Plaintiff has not convinced the Court that he is entitled to *de novo* review, the Court notes that even if *de novo* review were applied, Plaintiff's objections would fail for largely the same reasons provided below.

demonstrate that there are similarly situated individuals who want to opt in to the lawsuit. *Id.* The Magistrate Judge, however, did not address this third requirement for conditional certification, which has been disputed by a number of courts. *See, e.g.*, *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010). Rather, the Magistrate Judge found that Plaintiff had failed to make a "preliminary factual showing that a similarly situated group of potential plaintiffs exist." *See Hayes v. Laroy Thomas, Inc.*, No. 5:05CV227, 2006 WL 1004991, at *4 (E.D. Tex. Apr. 18, 2006). Evidence of potential opt-in Plaintiffs would have been one way that Plaintiff could make such a showing, but not the only way. *See H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). Specifically, the Magistrate Judge found:

> ***Plaintiff's Complaint, Motion, and Affidavit each include only conclusory assertions*** that assistant managers are similarly situated at Steak N Shake. Plaintiff has not identified any potential opt-in plaintiffs, submitted any affidavits of potential opt-in plaintiffs, ***or*** provided evidence that might show a widespread plan of discrimination that might allow the Court to better evaluate his claims. *See Housden*, 186 F.R.D. at 400; *Hayes v. Laroy Thomas, Inc.*, No. 5:05CV227, 2006 WL 1004991, at *4 (E.D. Tex. Apr. 18, 2006). ***Plaintiff has not even provided a description of his job duties as an assistant manager at Steak N Shake***. Indeed, Defendant has submitted evidence that Plaintiff's title at Steak N Shake was "Operations Supervisor," not "Assistant Manager." (*See* Doc. No. 26, Ex. A-1.) ***There are simply no facts the Court can evaluate in determining whether there are other assistant managers, let alone operations supervisors, at Steak N Shake who are similarly situated to Plaintiff*** and subject to the same allegedly improper payment practices. *See Housden*, 186 F.R.D. at 400 (finding plaintiffs' conclusory statements that they "believe other workers were discriminated against in similar ways" insufficient to make a factual showing of other similarly situated potential plaintiffs).

Docket No. 28, at 6 (emphasis added). The Magistrate Judge's analysis is not clearly erroneous or contrary to law.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. Plaintiff's Motion (Docket No. 24) is **DENIED**.

**SIGNED this 24th day of July, 2017.**

                                          ROBERT W. SCHROEDER III
                                        UNITED STATES DISTRICT JUDGE