## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **SEAN RENEAU,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:16-CV-01126-RWS** |
| | § | |
| **v.** | § | |
| | § | |
| **SPUR 248 STEAK, LLC D/B/A STEAK N** | § | |
| **SHAKE,** | § | |
| | § | |
| **Defendant.** | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Summary Judgment.  (Doc. No. 46.)  Defendant Responded.  (Doc. No. 47.)  For the reasons discussed below, the Court **RECOMMENDS** Plaintiff's Motion be **DENIED**.

### BACKGROUND

Plaintiff filed the complaint in this case on August 26, 2016, arguing he was owed unpaid overtime compensation pursuant to the Fair Labor Standard Act ("FLSA").  (Doc. No. 1.) Plaintiff worked for the Defendant as an assistant manager.  (Doc. No. 1 at ¶ 11.)  Plaintiff alleges he was paid on a salary basis with no overtime wages.  *Id.*  Plaintiff alleges he was paid less than $455 per week and worked a schedule between 60 to 80 hours without being paid overtime.  *Id.*

### LEGAL STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986).  A genuine dispute of material fact exists if a reasonable jury

could return a verdict for the nonmoving party.  *Davis v. Ford Bend County*, 765 F.3d 480, 484 (5th Cir. 2014).   The party seeking summary judgment bears the initial responsibility to demonstrate there is no genuine issue of material fact.  *Id.* (citing *Celotex*, 477 U.S. at 323).   The burden then shifts to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  *Id.* (citing *Celotex*, 477 U.S. at 324).   The Court must consider summary judgment proof in light most favorable to the nonmovant.   *Id.* However, "[a] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Id.* (internal quotations omitted).

## DISCUSSION

Plaintiff argues that he was not paid his salary of $455 per week at all times relevant to this suit but was paid $350.  (Doc. No. 46 at 3.)  Plaintiff contends Defendant has produced no evidence that disputes Plaintiff's rate or pay.  *Id.*  Plaintiff argues this violates the FLSA and Plaintiff does not fall within the exemption of the FLSA because he is not a "bona fide executive, administrative, or professional [employee]."  *Id.* at 2 (citing 29 U.S.C. § 213(a)(1)).  Defendant argues that Plaintiff has provided no proof he was entitled to overtime wages and has no support for the elements of his claim.  (Doc. No. 47 at 4.)  Defendant provided a pay stub for a pay period where Plaintiff worked 40 hours and was paid above the statutory minimum wage and argues that such evidence demonstrates that there are issues of material fact for trial.  *Id.* at 6–7.

An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) there is an employer-employee relationship during the unpaid overtime periods claimed; (2) the employee engaged in activities covered under the FLSA; (3) the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due.  *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.4d 627, 630 (5th Cir. 2014) (internal citation omitted).  Plaintiff only states that Defendant was his

employer and alleges that he was paid a fixed salary of $350 a week.  (Doc. No. 46 at 2.) Plaintiff fails to provide evidence that shows there are no genuine issues of material fact.  *See* Fed. R. Civ. P. 56(e).  Plaintiff merely argues that Defendant has not presented evidence it did not violate FLSA, but it is the movant's responsibility at summary judgment to show there are no genuine issues of material fact.  *Davis*, 765 F.3d at 484.  Because Plaintiff has failed to provide any evidence that Defendant violated FLSA, summary judgment is improper at this time.

Even if Plaintiff had provided evidence to support its motion for summary judgment, Defendant has shown there are genuine issues of material fact at least as to whether Defendant violated overtime wage requirements.  Defendant submitted a pay stub for a period from June 29, 2016 through July 12, 2016 that showed Reneau worked 80 hours over two weeks, from which a reasonable jury could conclude he only worked 40 hours, and was paid an hourly rate above minimum wage.  (Doc. No. 47-1.)  Further, Defendant provided a document showing Plaintiff agreed to work only a maximum of 45 hours per week.  (Doc. No. 47-2.)  A reasonable jury could conclude Defendant had ordered Plaintiff not to work over 45 hours and Plaintiff went against the Defendant's policy.  *See Fairchild v. All American Check Cashing, Inc.*, 815 F.3d 959, 964 (5th Cir. 2016) (finding plaintiff failed to follow policies and procedures for overtime work and therefore the employer did not violate the FLSA).  Both these documents raise material questions of fact as to whether Defendant violated FLSA.

Therefore, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (Doc. No. 46) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.  A party's failure to file written objections to the findings, conclusions and recommendations

contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 15th day of November, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE